IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LANCE GREENAWALT, :
:
    Plaintiff :
: No. 1:17-CV-02236
v. :
: (Judge Rambo)
SUPER. THOMAS MCGINLEY, :
et al., :
:
    Defendants :

# MEMORANDUM

## I. Background

On December 6, 2017, the Court received and docketed a complaint filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Lance Greenawalt, an inmate currently incarcerated at the State Correctional Institution Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. No. 1.) The complaint names Superintendent Thomas McGinley and Librarian Ms. Boner as Defendants. (Id. at 1, 2.) The complaint consists of two sentences, appearing to allege that Plaintiff was threatened by another inmate and that the Ms. Boner heard the alleged threat but did nothing to protect Plaintiff. (Id. at 2, 3.) The complaint does not allege that Plaintiff suffered any actual injuries, but rather, Plaintiff felt threatened. (Id.)

On December 8, 2017, the Court issued a 30 Day Administrative Order directing Plaintiff to either pay the filing fee or submit an application to proceed in

1

forma pauperis. (Doc. No. 4.) The complaint has not yet been served. On December 18, 2017, the Court received a letter from Plaintiff which provides that this action is "entirely fabricated and completely frivolous," not instituted by Plaintiff and that his name has been affixed to the complaint without his permission. (Doc. No. 5.) Plaintiff further provides that he has "absolutely no knowledge nor [has he] taken any action whatsoever against [the Defendants]. (Id.)

**II.     Discussion**

The Court must liberally construe pro se pleadings and other submissions. See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013). The unambiguous language of Plaintiff's December 18, 2017 filing (Doc. No. 5) suggests that Plaintiff seeks to voluntarily dismiss this action in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i). Thus, the Court is inclined to liberally construe this filing as a notice of voluntary dismissal with regard to the entire action. See Dixon v. Altwesh, 1:15-CV-02020, 2016 WL 8671995 (M.D. Pa. Jan. 29, 2016).

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of actions. Rule 41(a) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." Manze v. State Farm Ins. Co., 817 F.2d 1062, 1065 (3d Cir. 1987). "This right of the plaintiff is 'unfettered' ….

2

A proper notice deprives the district court of jurisdiction to decide the merits of the case." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165-66 (3d Cir. 2008) (citations omitted). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." In re Bath & Kitchen Fixtures, 535 F.3d at 165. "The effect of filing a Rule 41(a)(1) notice of voluntary dismissal before service of an answer or a motion for summary judgment is 'automatic: the defendant does not file a response, and no order of the district court is needed to end the action.' " Dixon, 2016 WL 8671995, at *1 (quoting In re Bath & Kitchen Fixtures, 535 F.3d at 165).

Plaintiff's letter indicates that he did not file this action, that he has no knowledge of this action, that he has not taken any action whatsoever against the Defendants, and that his name has been affixed to the complaint without his permission. (Doc. No. 5.) The Court construes Plaintiff's December 18, 2017 filing as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).[1] Furthermore, this notice results in a dismissal without prejudice because it does not appear that Plaintiff has ever dismissed an action based on or including the same claim in a prior case. Accordingly, Plaintiff's December 18,

---

[1] Defendants have not been served and accordingly, have not yet filed an answer or a motion for summary judgment.

2017 filing (Doc. No. 5) is construed as a motion for voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), is self-effectuating and thus, acts to terminate the action.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: January 5, 2018